[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12403
Non-Argument Calendar
_____

D.C. Docket No. 2:12-cv-00202-LGW-JEG

SHARMILA MELISSA POWELL,

Petitioner-Appellant,

versus

BELINDA DAVIS,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(September 12, 2014)

Before TJOFLAT, WILSON and ROSENBAUM, Circuit Judges.

PER CURIAM:

On November 30, 2012, Sharmila Powell, a Georgia prison inmate serving concurrent life sentences for felony murder and armed robbery, petitioned *pro se* the District Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. At the time, Powell had pending in the state trial court a motion for new trial. That is, she had not yet appealed her convictions to the Georgia Supreme Court.

The District Court dismissed Powell's petition without prejudice for failure to exhaust state remedies. She filed a notice of appeal, and a judge of this court issued a certificate of appealability (COA) on one issue:

> Whether the district court erred in dismissing without prejudice Powell's 28 U.S.C. § 2254 petition on exhaustion grounds.

Section 2253(c)(2) of Title 28 of the U. S. Code, which governs appeals in 28 U.S.C. § 2254 proceedings, states, in pertinent part:

> **(a)** In a habeas corpus proceeding . . . before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
> **. . . .**
>
> **(c)(1)** Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
>
>> **(A)** the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> **(2)** A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

2

**(3)** The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

The COA before us does not satisfy the subsection (c)(2) and (3) requirement because even if we were to assume that Powell has a right to litigate a § 2254 petition containing unexhausted claims, such right is not provided by the U.S. Constitution.  And because Powell has not yet sought to appeal her convictions to the Georgia Supreme Court,[1] we cannot know whether Powell's trial court denied her a right provided by the U.S. Constitution.

In sum, because the COA does not list as an issue the denial of a federal constitutional right and because Powell cannot show that the state trial court denied her such a right, we must vacate the COA as improvidently granted and dismiss this appeal.

DISMISSED.

---

[1]  *Cf. Hittson v. GDCP Warden*, ___ F.3d ____, 2014 WL 3513033 at * 14-15 C.A. 11 (Ga.).